SANTISTEBAN, CHAVARRI & CO., PLAINTIFFS, APPELLANTS AND APPELLEES, *v.* SUCCESSION OF GODOY, DEFENDANT AND APPELLEE, (GUTIÉRREZ, INTERVENOR, APPELLANT AND APPELLEE).

Appeal from the District Court of Ponce in an Action of Debt.

No. 1579.—Decided July 19, 1917.

DEBT—ATTACHMENT—RECORD OF TITLE—PREFERENCE.—Article 71 of the Mortgage Law refers to a case where after an attachment has been recorded against a property the owner sells it. Its object is to prescribe that the recording of one or more attachments does not prevent the owner from disposing of or encumbering his property right, although the acquirer of the ownership or real right is subject to the consequences of acquisition under the conditions mentioned in said article. But this statute is not applicable to a case in which a second attachment is levied by another person who seeks to recover from the first the amounts mentioned in the notice of his attachment under penalty of canceling the record of owner-

ship of the first, for this would be to. recognize in him a preference which
the cautionary notice of itself does not give him.

ID.—ID.—DEFECTS—PREFERENCE—ISSUE—VARIANCE—APPEAL.—Although the sec-
ond attaching, creditor discusses in this appeal defects alleged to exist in
the levying of the attachment of the first, as well as the preference which
he has over the latter, according to article 44 of the Mortgage Law, to
recover out of the property attached by both, these questions will not be
considered because they were not raised in the lower court and the terms
of the issue cannot be varied on appeal.

ID.—COSTS—ATTORNEY FEES—DISCRETION OF COURT.—As the imposition of costs,
disbursements and attorney fees is discretional with the lower court, if it is
not shown that such discretion was abused its holding on that point will not
be disturbed.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the plaintiffs.

*Mr. Carlos Brunet del Valle* for the intervenor.

The defendant did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Having brought an action of debt against the Succession
of Rodrigo Godoy, Pablo Gutiérrez obtained an attachment
to secure the effectiveness of the judgment to be rendered
and caused notice of the attachment of a property owned
by the defendants to be entered in the registry of property.
Later judgment was rendered in his favor for the amount
claimed.

At this stage of that case the Successors of Santisteban,
Chavarri & Co. also brought an action of debt against the Suc-
cession of Rodrigo Godoy and levied an attachment upon
the same property previously attached by Gutiérrez. Notice
of this attachment was also entered in the registry of
property.

The property having been. put up at auction subsequently
and bought in by Gutiérrez in payment of his debt, the Suc-
cessors of Santisteban, Chavarri & Co. filed a motion in their
action praying that, inasmuch as they were going to execute
upon the property of the defendant in order to satisfy the
judgment obtained by them, notice should be given to the
present owner of the property, Pablo Gutiérrez, in accord-
ance with article 71 of the Mortgage Law, that the property

was about to be advertised for sale at public auction so that within a period of ten days he might release the property by paying the amounts claimed in the notice of attachment recorded by the movers and that in case he should fail so to pay the same his record of ownership should be canceled.

A day being set for Pablo Gutiérrez to show cause why the motion should not be sustained, he appeared in that action and opposed the motion of the Successors of Santisteban, Chavarri & Co., whereupon the court overruled the same without special imposition of costs.

This ruling was appealed from by both parties, the appeal by Gutiérrez being limited to that part thereof which did not allow him the costs, disbursements and attorney fees.

In this appeal the Successors of Santisteban, Chavarri & Co. discuss certain alleged defects in the levying of the attachment of Gutiérrez, but as that question was not raised by their motion in the lower court, we shall disregard it because they cannot vary on appeal the issues joined in the trial court by materially changing the facts on which their motion is based and now invoke grounds which were not set up therein. *Succession of Orcasitas* v. *Succession of Orcasitas,* 21 P. R. R. 105.

The real question raised by the motion of the Successors of Santisteban, Chavarri & Co. is whether, having recorded their attachment in the registry after the recording of that of Gutiérrez and after the judgment in his favor, they are entitled under article 71 of the Mortgage Law to demand that the person who acquired the property after their attachment was recorded pay them the amounts claimed in their attachment or suffer the penalty of having his record of ownership canceled.

The article upon which the motion is based, in so far as pertinent, reads as follows:

"Art. 71.—Real property or property rights against which cautionary notices have been entered may be alienated or encumbered,

but without prejudice to the right of the person in whose name the cautionary notice was entered.

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of article 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction, the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes place, following the provisions of articles 260 to 269 of the Law of Civil Procedure in force in the Antilles and articles 244 to 253 of that in force in the Philippines.

"After service of the notice referred to in the foregoing paragraph, the person notified may release the property in question upon payment of the amount mentioned in the entry, as principal and costs, although it is not to be understood that he is obliged to pay a larger sum for costs than that mentioned in the entry. Should he fail to do so within ten days, the record of his ownership shall be canceled in the registry, as well as any other records which may have been made after entry of the cautionary notice, to which end the proper order shall be issued to the registrar of property on motion of the person to whom the property was awarded or of the purchaser thereof."

This article refers to a case in which, after a cautionary notice of attachment is recorded, the owner sells the property attached. In the commentaries thereon by Galindo and Escosura, Vol. II, p. 652, third edition of 1899, it is said: "It is because of the temporary character of cautionary notices that they do not, as a general rule, prevent the person who has recorded his property or property right from exercising such acts of ownership as he may deem fit, although such acts, even if recorded in the registry, will not impair the lien right recorded." Its object is to declare that the recording of one or more attachments does not prevent the owner from disposing of or encumbering his title of ownership, although the person who acquires the ownership or property right will be bound by the consequences of an

acquisition under such conditions, as enumerated in the said article. But that article has no application to cases like the present in which a junior lienor seeks to recover from the senior lienor the amount claimed in the former's cautionary notice of attachment, for this would be to recognize in him a preference which his recorded attachment of itself does not give him. A creditor who obtains the entry of a cautionary notice in his favor to secure the effectiveness of a judgment, among other cases, shall have preference, only with regard to the property against which the notice appears, over those who have against the same debtor another claim contracted subsequently to such entry. Mortgage Law, art. 44. Therefore, if, notwithstanding the fact that their attachment was recorded later than that of Gutiérrez, the Successors of Santisteban, Chavarri & Co. are to have a preference over Gutiérrez in the collection of their debt out of the property attached by both, the question to be decided is whether the claim of the junior lienor is preferred to that of the senior, a question which was not raised in the motion of the said firm. The motion was based exclusively on their later record, according to the facts alleged therein and their citation of article 71 of the Mortgage Law. What the said appellants really seek is the decision of a question of preference not raised by them in their motion. If said article 71 or any other statute provided that an attachment lienor has the right to exact from senior attachment lienors the payment of the amounts claimed in his notice of attachment under penalty of losing the property acquired by them in consequence of their record and subsequent purchase to satisfy the claim recorded, then the said appellants would be right and the ruling appealed from should be reversed. If the said firm believes that notwithstanding the fact that it recorded its attachment after Gutiérrez had recorded his it has preference over him to collect its claim out of the property attached, it must raise the question clearly on that

ground and not rely on article 71 of the Mortgage Law, which is not applicable to the question raised in its motion.

As to the appeal of Pablo Gutiérrez, inasmuch as the imposition of costs, disbursements and attorney fees is discretional with the lower court and there is no showing that it abused its discretion, we shall not disturb its holding on this point.

The ruling appealed from should be affirmed in all its parts.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.